MASON L. BALDWIN v. GEORGE L. SHELDON ET AL.

*Wills—Construction—Release of debts of legatees.*

A will declared that "all the foregoing legacies are intended and declared to be for the individual estate of the said legatees, exclusive of any indebtedness to me at this date or others." *Held* that this did not release legatees from any indebtedness due from them to the testator, but meant that their legacies should be paid them irrespective of their debts, which might be left to be collected in the ordinary way.

A testator's intent to forgive a debt due him from a legatee should be clear and unambiguous to warrant that construction.

Error to Kalamazoo.    Submitted April 21.    Decided June 21.

ASSUMPSIT.  Defendants bring error.  Affirmed.

*Severens, Tryon & Ranney* for appellants.

*Brown, Howard & Roos* for appellee.

MARSTON, J.  This is an action of *assumpsit* brought to recover upon a promissory note for $1100 dated January 1st, 1880, and given by defendants to Edgar Sheldon.

Edgar Sheldon died November 4th, 1880, leaving a will dated December 30th, 1878, in which numerous bequests were made, and among them, one of $200 each to the above-named defendants, his nephews.  After the bequests the following clause was in the will:  "All the foregoing legacies are intended and declared to be for the individual

estate of the said legatees, exclusive of any indebtedness to me at this date, or others."

The defendants claim that by this clause they are released from payment of the note in suit or any part thereof.

No such construction can be given to the will. The clause in question is awkwardly drawn, but its meaning is not after all doubtful. Whether the intention of the testator could be fully and effectually carried out is a question not arising on this record.

The intention clearly was, that the bequests made should be exempt from the debts of the legatees, and should any of them be indebted to the estate of the testator, the legacy should be paid notwithstanding such indebtedness, leaving the debt due the estate to be collected as a part of the assets of his estate in the ordinary manner. In this respect he was willing that an indebtedness to him or to his estate should stand as would one to third parties "or others."

No other construction could be given this clause in the will without destroying other provisions. If this note were not collected the legacies could not be paid in full from the assets: the court so finds. The effect of such a construction would be to prevent the testator, during his life-time, from loaning to any of the legatees any money, unless he intended thereby, if not collected during his life-time, to have the debt cancelled by this clause. The deceased certainly could have had no such intention, and the language used will warrant no such construction. In order to forgive a debt the provision indicative of such an intent should be clear and unambiguous.

The conclusion arrived at by the court below was correct and the judgment must be affirmed with costs.

COOLEY and CAMPBELL, JJ. concurred.